Bank of Lodi vs. Washburn Electric Light & Power Co.

BANK OF LODI, Respondent, vs. WASHBURN ELECTRIC LIGHT & POWER COMPANY, Appellant.

*February 10 — March 1, 1898.*

*Election of remedies: Promissory notes.*

A note given to a bank for its accommodation was transferred for value, before due, to one who did not know that it was accommodation paper, and was indorsed by the bank and its president. Prior to its maturity the indorsee sent the note to the bank for collection, but received no returns. Afterwards, acting upon the belief, induced in part by the conduct of the maker, that the note had been paid, he brought an action against the bank and its president for money had and received, and obtained a verdict. Before the entry of judgment he learned that the note had not been paid, but the judgment was nevertheless entered and execution issued and levied, partially satisfying the judgment. *Held,* that there had been no election of a remedy which would preclude an action by the indorsee against the maker on the note.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The Bank of Washburn, holding an accommodation note of $1,500, executed by defendant, transferred the same to

| | |
|---|---|
| 98 | 547 |
| 101 | 289 |
| 98 | 547 |
| 102 | 443 |
| .102 | 645 |
| 98 | 547 |
| 108 | 568 |
| 98 | 547 |
| 110 | 82 |
| 110 | 409 |
| 98 | 547 |
| 111 | 250 |
| 98 | 547 |
| 53 LRA | 605 |
| 98 | 547 |
| 115 | 661 |

plaintiff, for value, before due, the latter having no knowledge that it was accommodation paper. The note was indorsed by the Bank of Washburn and A. C. Probert, its president. At maturity the note was renewed, the latter note bearing date August 12, 1895, and due in sixty days. Prior to its maturity it was sent to the Bank of Washburn for collection. Not getting any returns from it, plaintiff's cashier, Hutson, went to Washburn and interviewed Mr. Probert, by whom he was informed that he supposed the whole matter had been settled. Hutson demanded the money or a return of the note, but got no satisfactory answer. Hutson then sought out Mr. Meehan, defendant's secretary, and informed him of the situation, and was then told that he knew nothing about the note or whether it was paid or not. Supposing it had been paid, Hutson then instituted an action against the Bank of Washburn and A. C. Probert for money had and received, and swore out an attachment. The action was brought to trial on June 23, 1896, the attachment was sustained, and verdict was rendered for the plaintiff for the amount of the note and interest. Prior to the entry of judgment, Hutson learned for the first time that the note had never been paid, and that Probert had returned the same to defendant about the time it became due, without payment. Judgment was afterwards entered, execution is-, sued, and the attached property sold for $175 more than the expenses of the sale. The sheriff made return upon the execution that no other property of defendants could be found. This action was then commenced, in which the defendant set up the proceedings in the former case as a defense. After a full hearing, the court directed a verdict for plaintiff, and from the judgment entered thereon this appeal has been taken.

For the appellant there was a brief by *A. W. McLeod*, and oral argument *Mr. McLeod* and *Mr. W. M. Tomkins*. They contended, *inter alia*, that if respondent did not have knowledge of all the facts at the time of the commencement

Bank of Lodi vs. Washburn Electric Light & Power Co.

of its action against the Bank of Washburn and Probert; and subsequently upon the trial learned them and desired to pursue its remedy against appellant, it should have taken a nonsuit, or should not have entered the judgment rendered in its favor. Any decisive action of a party after knowledge of the facts determines his election in the case of conflicting and inconsistent remedies. *Sanger v. Wood*, 3 Johns. Ch. 417; *Terry v. Munger*, 121 N. Y. 161; *White v. White*, 68 Vt. 161; *Lee v. Corn*, 21 N. Y. Supp. 1073; *Clements v. Smith's Adm'rs*, 9 Gill (Md.), 160; *Howard v. Carpenter*, 11 Md. 259; *Parmlee v. Adolph*, 28 Ohio St. 10; *Thomas v. Joslin*, 36 Minn. 1; *Williams v. Ketchum*, 21 Wis. 438; *Bowker Fertilizer Co. v. Cox*, 106 N. Y. 555; *Kennedy v. Thorp*, 51 id. 174; *Strong v. Strong*, 102 id. 69; *Second Nat. Bank v. Burt*, 93 id. 233; *McLean v. Ficke*, 94 Iowa, 283; *Lloyd v. Brewster*, 4 Paige, 537; *Farwell v. Myers*, 59 Mich. 179; *Schiffer v. Dietz*, 83 N. Y. 300; *Bowen v. Mandeville*, 95 id. 237; *Acer v. Hotchkiss*, 97 id. 395.

For the respondent there was a brief by *Cate, Sanborn, Lamoreux & Park*, attorneys, and *D. F. O'Keefe*, of counsel, and oral argument by *B. B. Park*.

BARDEEN, J. The principal question on this appeal is whether respondent is bound by its election in suing the Bank of Washburn and A. C. Probert for money had and received for its use, upon the cause of action that it now sues appellant. It is a rule quite universal that where a party has a choice between two inconsistent rights or remedies, and deliberately and with full knowledge makes his choice, such election becomes conclusive upon him and precludes him from subsequently pursuing the other. *Mariner v. M. & St. P. R. Co.* 26 Wis. 84; *Warren v. Landry*, 74 Wis. 144; *Crook v. First Nat. Bank*, 83 Wis. 31. The attempt to apply this rule to the present case leads to the disclosure of the following facts: The Bank of Washburn and Probert,

defendants in the former case, were indorsers on the note involved in this suit, and as such were liable to respondent either jointly or severally with appellant. Before it became due, it was sent to the Bank of Washburn for collection, and was taken by Probert, and returned to appellant without payment. The conduct of appellant's secretary, when visited by respondent's agent, was such as to lead the latter to believe the note had been paid. The former suit was instituted on the mistaken assumption that the note had been paid, and without knowledge of the true situation. The appellant is certainly somewhat to blame for this deception. A party is never bound by the election of a remedy, made in ignorance of substantial facts, which, if known, might proffer an alternative suit. 7 Ency. of Pl. & Pr. 366. And especially is this true when he is deceived or misled by the conduct of the party seeking to take advantage of the election.

It is not perceived how the rights of the appellant were in any way affected by the institution of the suit against the Bank of Washburn and Probert. All of the parties were under legal obligation to pay the amount of this note to respondent at the time of the institution of the first suit. A judgment against one would have been no bar to a judgment against the other. The mere fact that execution was issued and the attached property sold, after respondent became informed of the true situation, under the circumstances of this case, cannot be held to operate as an election to appellant's prejudice. Whatever was realized upon that judgment was really to its benefit. So long as the right existed for respondent to maintain an action against the Bank of Washburn and Probert, indorsers, and against appellant as maker of the note, it is difficult to see how the doctrine of election of remedies can be invoked in this case. There was nothing in the situation to lead respondent to believe that the relation of appellant to the Bank of Washburn was that

of accommodation maker of the note.   Indeed, every reasonable intendment from the situation would seem to lead to the contrary.   The form of the note and its renewal would naturally suggest that it was one made in the regular course of business. . The conduct of appellant's secretary, after being informed of all the facts, was sufficient to induce the belief that the note had been paid, and it ought not now to be permitted to take advantage of its own wrong.

For these reasons the judgment of the trial court was right.

*By the Court.*— The judgment of the circuit court is affirmed.