Barth vs. Loeffelholtz and another.

---

BARTH, Receiver, Appellant, vs. LOEFFELHOLTZ and another, Respondents.

*December 11, 1900 — January 8, 1901.*

*Attachment of real estate: Waiver: Laches: Concurrent remedies: Judgment: Merger.*

1. The rule that the provisional remedy by attachment of real estate, when exercised to the extent of filing a copy of the writ of attachment, with the proper official certificate of the levy indorsed thereon, in the office of the register of deeds of the proper county, will be

Barth vs. Loeffelholtz and another.

deemed waived in case of neglect to seasonably obtain full juris-
diction of the subject of the levy by service of the summons upon
the defendant in the action, is limited to the circumstances named.

2. An attachment lien may be lost by laches like any other valuable
right. An issue in that regard is one of fact, and the finding in
regard to it cannot be disturbed unless against the clear preponder-
ance of the evidence.

3. As a general rule, a person may pursue to judgment as many con-
sistent remedies as he has for the same wrong, but can have but a
single satisfaction. That satisfies one judgment directly and indi-
rectly extinguishes all causes of action for the wrong and judg-
ments rendered therefor.

4. The above-stated general rule does not apply where consistent rem-
edies are pursued for the same wrong, there being identity of par-
ties and identity of amount recoverable, such amount reaching a
full compensation for such wrong. In such circumstances a judg-
ment in one action is deemed by judicial policy to draw to and
merge in it all causes of action so that it may be pleaded in the
other actions as a bar to the prosecution thereof.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Milwaukee
county: EUGENE S. ELLIOTT, Circuit Judge. *Affirmed.*

Action to remove a cloud on title to real estate. On or
about August 7, 1893, defendants commenced an action
sounding in tort against John B. Koetting. Such proceed-
ings were duly had therein that on August 8, 1893, the real
estate in question was attached and the requisites of the
statute to perfect such attachment complied with. Koetting
appeared in the action and demanded a copy of the com-
plaint, which was served. The attachment papers were sea-
sonably filed, but the summons and complaint were not filed
till after the termination of the action hereafter mentioned
challenging the validity of attachments levied prior to de-
fendants' attachment. No answer to the complaint was
made by Koetting nor any proceedings taken by him subse-
quent to the demand and appearance aforesaid. Such pro-
ceedings were duly taken in an action commenced against
Koetting by plaintiff herein that the real estate in contro-

versy was attached subject to defendants' attachment, August 9, 1893, and such proceedings were thereafter taken that judgment was rendered against Koetting in such action, which was enforced by a sale of all the interest which Koetting had in the attached property at the date of the attachment, and title was perfected in plaintiff pursuant to such sale. Defendants commenced a second action against Koetting and G. C. Trumpff August 30, 1893, for money due upon contract. Judgment was rendered against Koetting and Trumpff in that action September 23, 1893. Nothing was done by defendants in regard to their first action before the commencement of this except what has been related. The subject of such first action was damages caused to defendants by false and fraudulent representations made to them by Koetting regarding the solvency of the South Side Savings Bank, a banking institution in the city of Milwaukee, of which he and Trumpff were the proprietors, whereby defendants were induced to deposit in such bank some over $6,000 in money, resulting in a loss to them of the greater part thereof. The subject of the defendants' second action was the contract liability of Koetting and Trumpff, as partners, to pay to the former the amount of their deposit. The claim of plaintiff in this action was that defendants' attachment lien was lost by their laches or was waived by operation of law.

The trial court found facts as above stated and further found that plaintiff was duly appointed receiver for the South Side Savings Bank in proceedings to wind up its affairs; that he acquired title to the property in controversy in the course of his administration in such winding-up proceedings; that the title thus acquired was subject to defendants' attachment lien acquired August 8, 1893, and that they never abandoned such attachment, nor waived it, nor was it discharged in any manner whatever; that defendants participated in the winding-up proceedings of the bank by pre-

senting the claim which was involved in the second action, the creation of which, under the circumstances, was the ground of the first action; that such claim was allowed and that they received thereon two five per cent. dividends; that the reason of their delay in respect to enforcing the attachment lien was that there were prior attachments on the property for enough to absorb it, if they were held to be valid; that an action was brought by plaintiff to avoid such prior attachments, and that defendants thought best to delay proceeding to enforce their attachment till the final determination of plaintiff's action; that the result of such action was that such prior liens were found to be invalid, in November, 1898. Upon such facts judgment was awarded to defendants and was duly rendered.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *C. F. Fawsett.* They contended, *inter alia,* that the lien of defendants' attachment was lost by their failure to follow up the attachment levy and prosecute the action to judgment with diligence. *Petree v. Bell,* 2 Bush, 58; *Van Loan v. Kline,* 10 Johns. 129; *Cummings v. Tabor,* 61 Wis. 185. The cause of action against Koetting for fraud in procuring the deposits was merged in the judgment recovered against Koetting jointly with Trumpff for the same demand. Freeman, Judgments, §§ 215, 216; Black, Judgments, 729; *Union R. & T. Co. v. Traube,* 59 Mo. 355; 15 Am. & Eng. Ency. of Law, 336; *Bowman v. Purtell,* 15 Jones & S. 403; *Caylus v. N. Y., K. & S. R. Co.* 76 N. Y. 609; *Dyer v. Tilton,* 23 Vt. 318; *Bowen v. Mandeville,* 95 N. Y. 241; *Nicholl v. Mason,* 21 Wend. 339; *Thomas v. Rumsey,* 6 Johns. 26; *Norton v. Doherty,* 3 Gray, 372; *Goodrich v. Yale,* 97 Mass. 17; *Smith v. Way,* 9 Allen, 472; *Eldred v. Bank,* 17 Wall. 547.

*Julius E. Roehr,* for the respondents, argued, among other things, that the respondents could proceed against Koetting alone on the ground of fraud, or could proceed against Koet-

Barth vs. Loeffelholtz and another.

ting and Trumpff as copartners and hold them liable for
money had and received, or they could maintain both ac-
tions. The two remedies were consistent and could be pur-
sued simultaneously. 7 Ency. of Pl. & Pr. 362; *New York
L. I. Co. v. Chapman*, 118 N. Y. 288; *Morgan v. Skidmore*, 3
Abb. N. C. 92; *Bowen v. Mandeville*, 95 N. Y. 237, 240; *Mor-
gan v. Skidmore*, 55 Barb. 263; *Allaire v. Whitney*, 1 Hill,
484. An election will be compelled only where a judgment
in one action would be a bar to a judgment in the other.
*Laraussini v. Carquette*, 24 Miss. 151; *Wanzer v. De Baun*, 1
E. D. Smith, 261; *Goldberg v. Dougherty*, 7 Jones & S. 190;
*Whitney v. Allaire*, 1 N. Y. 312; *Corn Exchange Ins. Co. v.
Babcock*, 8 Abb. Pr. (N. S.), 257; *Bank of Lodi v. Washburn
E. L. & P. Co.* 98 Wis. 547; *Bishop v. McGillis*, 82 Wis.
120. If the court should decide that the remedies were in-
consistent, yet the respondents had and still have the right
to enter judgment and proceed in the first action. Where
a party has the choice between two inconsistent remedies or
causes of action, and he deliberately adopts the one, such
election becomes conclusive upon him and precludes him
from subsequently adopting another. *Warren v. Landry*, 74
Wis. 151; *Bishop v. McGillis*, 82 Wis. 120, 128; *Franey v.
Wauwatosa P. Co.* 99 Wis. 48; *Bank of Lodi v. Washburn
E. L. & P. Co.* 98 Wis. 547; *Rodermund v. Clark*, 46 N. Y.
354; *Goss v. Mather*, 2 Lans. 283; *S. C.* 46 N. Y. 689; *Lin-
den v. Fritz*, 3 Am. L. J. 421. As soon as the choice is made
and one of the alternative remedies proffered by the law
adopted, his act at once operates as a bar as regards the
other, and the bar is final and absolute. 7 Ency. of Pl. &
Pr. 363, and cases cited; *Moller v. Tuska*, 87 N. Y. 166; *Mor-
ris v. Rexford*, 18 N. Y. 552; *Kinney v. Kiernan*, 49 N. Y.
164; *Rodermund v. Clark*, 46 N. Y. 354.

MARSHALL, J. It is said the judgment should be reversed
because, first, the attachment is void, no proceedings having
been taken to enforce it till after the expiration of a reason-

able time therefor; second, the attachment was waived by unreasonable delay; third, the commencement of the second action and prosecution thereof to judgment superseded the first action and necessarily the attachment. We will briefly consider each of such propositions.

1. The first proposition is untenable because the principle upon which it is founded does not apply where full jurisdiction of the property, by service of the summons upon the defendants in some one of the ways authorized by law, has been obtained. *Cummings v. Tabor*, 61 Wis. 185, is relied upon by appellant's counsel. In that case jurisdiction of the property was never obtained for want of service of the summons. The effect of the decision is that a statutory levy upon real estate creates a lien thereon conditionally only, the condition being that full jurisdiction shall be obtained within a reasonable time by service of the summons upon the defendant, and that a delay of one year is too long.

2. The second contention turns on a question of fact. Undoubtedly the possessor of an attachment lien on real property may lose it as he may lose any other valuable right by delay or other conduct indicating an abandonment of it, which is reasonably relied upon by another so that such other will be prejudiced if such person be allowed to change his position. The case was tried on that theory. The legal principles indicated were correctly applied to the facts found. The difficulty as regards appellant's position then was that the facts were found against him, and the difficulty of giving effect to the contention of appellant's counsel now is that the evidence supports the findings. Such findings, and the evidence as well, are to the effect that defendants never intended to abandon the attachment lien; that they had good reason for the delay in the enforcement thereof; that plaintiff well knew such reason during the period of delay; and that such delay did not, of itself, operate to plaintiff's prejudice.

3. The last of counsel's propositions is based on the doctrine of merger, though in the argument, and more particularly the cases cited to support it, such doctrine seems to be confused with, instead of being recognized as an exception to, as it is in fact, the rule that one person may pursue to judgment as many remedies as he has for the same loss, if they are not inconsistent, but can have only one satisfaction; payment of one of the claims involved in the enforcement of such remedies, whether made before or after judgment, being considered a *pro tanto* discharge of the claim involved in the other. *Sherman v. Brett,* 7 Wis. 139; Freeman, Judgments, § 222; *Morgan v. Skidmore,* 55 Barb. 263; *Bowen v. Mandeville,* 95 N. Y. 237; *Vail v. Reynolds,* 118 N. Y. 297.

The test to be applied in order to determine the applicability of the rule last stated is to determine whether the state of facts necessary to support one remedy can coincide with the facts necessary to support the other. Freeman, Judgments, § 222, and cases cited; *Rice v. King,* 7 Johns. 19; *Bowen v. Mandeville, supra.* If the answer to the inquiry in that regard be in the affirmative, then both remedies are concurrently available unless the situation fall within the exception stated, the doctrine of merger. A good illustration of inconsistent remedies is where a person may sue for conversion or waive the tort and sue on an implied contract to recover the reasonable value of the property. Another is where a person may sue on contract or rescind the contract and sue to recover the property that passed under it. In such cases the assertion of one remedy constitutes an election to rely thereon and precludes resorting to the other. *Warren v. Landry,* 74 Wis. 144; *Crook v. First Nat. Bank,* 83 Wis. 31; *Bank of Lodi v. Washburn E. L. & P. Co.* 98 Wis. 547; *Carroll v. Fethers,* 102 Wis. 436.

As good an illustration as can be found in the books of the situation where the doctrine of merger applies is *Caylus v. N. Y., K. & S. R. Co.* 76 N. Y. 609. It is the only case

cited, to support that phase of such doctrine here under consideration, in Freeman on Judgments and Black on Judgments. The situation there presented was this: After recovering judgment against the debtor for the full amount due for goods sold on credit, a second action was commenced against him for damages for fraudulently inducing plaintiff to make the sale. The decision was to the effect that, the parties in both actions being identical, and the first judgment being for the full amount plaintiff could in any event recover, it was in the power of the court to treat all consistent remedies to effect such recovery as merged in the one adopted. The limitation of the exception to the general rule, clearly indicated in that case, is that where identity of parties coupled with the circumstance of a judgment covering the entire claim does not exist, the doctrine of merger does not apply. These distinguishing characteristics had that effect in *Bowen v. Mandeville*, 95 N. Y. 237, where, after recovering several but not all of the instalments due upon a bond, an action was sustained in the same right against the same defendant for deceit in inducing the creditor to take the bond, the court saying, in substance: ' A party may prosecute as many remedies as he legally has, provided they are consistent and concurrent. The record here does not show any attempt to rescind the contract, consequently the several remedies prosecuted must be considered consistent and maintainable if founded upon existing causes of action. This action is not inconsistent with those heretofore brought and prosecuted to judgment. Only part of the debt was included in such actions. All of the actions proceeded on the theory of an affirmance of the contract of sale. They differ in form, but one does not allege what the other denies. They are consistent, though not identical. A recovery in one does not constitute a bar to a recovery in the other. One proceeds upon the theory of a tort and the other upon contract, and the theory upon which

Barth vs. Loeffelholtz and another.

damages are awarded is different in the two cases. If we apply the test as to whether the same evidence is required in both actions, it would be seen that they are not the same. In one case the recovery is based upon contract liability; in the other the liability incurred grows out of a violation of the duty of honesty and fair dealing. It is true that it may turn out that the damage recoverable is the same in one action as in the other, but that would be merely an accidental coincidence and would not affect the general rule upon which the actions are distinguished. The party injured can, however, recover only in one suit for the damages suffered, no matter how many actions he may be entitled to prosecute for that recovery. A different question would be presented had the plaintiff recovered judgment for the entire contract liability in the first action. Such judgment would have covered the entire damage *and it would then have been within the power of the court to limit the plaintiff's remedy to such redress as would be obtainable in such action.*'

The limit of the exception is still better illustrated by *N. Y. L. I. Co. v. Chapman,* 118 N. Y. 288, where a landlord, after recovering a judgment against two persons as partners for the full amount of the rent due upon the lease, which judgment was not collectible by reason of their insolvency, was sustained in the prosecution of a second action against one of the partners for damages for deceit in procuring the lease. The same contention was made by defendant as we have here, and it was answered by the court in substance as follows: 'The doctrine that any action in affirmance of a contract after discovering the fraud defeats the right of rescission is not necessarily applicable to an action founded on fraud. The recovery of judgment against the lessees for the full amount of the rent might be held binding on the lessor the same as an election of remedies if all the lessees had been chargeable with fraud, which is the gravamen of the

second action, as in that case their liability would have been merged in the judgment, embracing, as it would, the entire amount of rent for which they became liable upon the lease. But while the liability of the lessees was joint, the liability of the defendant for fraud is single and collateral. The remedy against him on that liability is not inconsistent with the liability against the firm on the lease, as both remedies proceed on an affirmance of the lease. The cause of action for the fraud being single, collateral, and distinct, as indicated, it was not merged in the recovery against the guilty party and his partner on the lease.'

It will be seen that the doctrine of merger was held not to apply in one of the above-cited cases, because the first action did not cover the entire amount of damages involved; that it was held not to apply in the second action referred to because the parties were not identical, nor the nature of the liability; and that the general rule, that concurrent consistent remedies may be pursued to judgment for the same loss, was held to apply to both cases, because there was no fact necessary to the availability of one remedy displaced by any fact necessary to the availability of the other.

From the foregoing we may deduce this conclusion: The doctrine of merger applies only where the situation is the reverse of that which is ruled by the law as regards the election of remedies, though the legal effect is the same, i. e., to confine the plaintiff to a single remedy. In the latter situation the remedies are always inconsistent; in the former always consistent. In the latter there can be but one remedy resorted to though there be several at the start, because, while each of them stands for a specific right, the several rights are alternatives. In the former, one can have but the single remedy, because, though there are several remedies standing for concurrent rights in form, the enforcement of one reasonably covering the entire field, by a rule of judicial policy, draws to it and absorbs the others, such policy being

a species of equitable interference with legal remedies where they are uselessly multiplied. Where complete identity of parties does not exist and inclusion in some form of the entire damage in the first action, but there are consistent rights with appropriate remedies, each covering a part or all of the subject of the wrong, the possessor thereof is absolutely entitled to judicial machinery to enforce them all up to the point of a single and complete satisfaction, when all run into one and are extinguished by such satisfaction.

It would seem that the conclusion that must follow from the foregoing is plain. Identity of parties in the two actions commenced by defendants does not exist. The charge of fraud was against Koetting alone. Both actions recognized the relation of debtor and creditor between defendants and Koetting and Trumpff. Neither repudiates or is inconsistent with the contract between such parties. The remedies pursued in the two actions are perfectly consistent. Koetting could not plead the judgment in the second action in bar as a defense to the first. The general rule and not the exception, the doctrine of merger contended for by appellant's counsel, applies.

*By the Court.*— The judgment is affirmed.

