WIEBKE, Respondent, v. RICHARDSON & SONS, INC., Appellant.

*No. 75–803. Submitted on briefs March 8, 1978.—Decided May 2, 1978.*
(Also reported in 265 N. W. 2d 571.)

360

For the appellant the cause was submitted on the brief of *Janet A. Jenkins,* and *Bosshard, Sundet & Associates* of La Crosse.

For the respondent the cause was submitted on the brief of *William J. Sauer* of La Crosse.

ABRAHAMSON, J.   Clara Wiebke seeks to recover $6,000 she loaned to Ray Richardson, president and sole-shareholder of Richardson & Sons, Inc., hereinafter referred to as the corporation.  The trial court concluded that although Richardson received the funds and signed the note, Wiebke was entitled to recover the debt from the corporation.  We affirm.

The facts are as follows: Wiebke was employed as Ray Richardson's housekeeper, and on or about March 31, 1970, she loaned him $6,000.  Richardson gave Wiebke a promissory note, signed by Richardson in his individual capacity, as evidence of the debt.  As of that date Richardson was president and the sole shareholder of the corporation.

There is conflicting testimony concerning the circumstances under which the loan was made.  Wiebke stated that in early March, 1970, Richardson repeatedly mentioned that he needed a loan to meet his payroll.  She suggested that he get a bank loan, but Richardson told her he preferred to avoid red tape by getting a personal loan.  Although hesitant, she agreed to make the loan after he offered her eight percent interest, which was a higher rate than a bank paid.

Wiebke testified that despite having loaned the funds to Richardson personally, she thought she was making a loan to Richardson and his sons for use in his business.  Wiebke stated that she knew he had a corporation but did not know that it was "a separate thing" from Richardson.

Richardson testified that he told Wiebke he was going to borrow money from a bank; that she spontaneously offered to loan the money to him; and that he never mentioned the corporation to Wiebke when the loan was being discussed. Prior to that time he was not aware that she had any money saved.

When Richardson received the check from Wiebke he immediately deposited it in the corporation's account.

Richardson testified that he had no personal checking account and that he paid his personal expenses by checks drawn on the corporation's account. These personal expenditures were reflected on the corporate records as loans to him from the corporation.

The accountant for the corporation testified that a corporate account entitled "loan Wiebke" in the amount of $6,000 was created. Wiebke was still employed by Richardson when the note fell due on March 31, 1971. She testified that she asked him to repay the full amount, but he gave her only $480, a year's interest. The interest, paid by corporate check, was shown on the corporate records as a corporate expense.

In December of 1971, the bookkeeping account entitled "loan Wiebke" was eliminated, although the debt to Wiebke was not paid. The accountant testified that the deletion was made because he realized that the entry was in error: Wiebke had made a loan to Richardson and not to the corporation; the $6,000 had been given to the corporation by Richardson, not by Wiebke. The $6,000 which Richardson had deposited in the corporation's account was then shown as a note due Richardson and was used to offset the $6,546.06 debt which Richardson owed the corporation.

The trial court concluded that Wiebke could recover the amount due from the corporation, and the corporation appealed from the judgment against it.

Citing sec. 403.401, Stats.,[1] the corporation asserts that it cannot be liable on a note which it did not sign. We agree that the corporation is not liable on the instrument, but this conclusion does not foreclose the corporation's liability on the underlying obligation for which the instru-

---

[1] "No person is liable on an instrument unless his signature appears thereon." Sec. 403.401, Stats.

ment was given.[2] We hold that the corporation is liable on the underlying obligation because the separate identity of the corporation and its shareholder must be disregarded.[3]

The general rule is that a corporation is treated as a legal entity distinct from its members and is not liable for the personal debts of a shareholder. However a shareholder's act will be treated as a corporate act and the existence of the corporation as an entity apart from the natural persons comprising it will be disregarded, if corporate affairs are organized, controlled and conducted so that the corporation has no separate existence of its own and is the mere instrumentality of the shareholder and the corporate form is used to evade an obligation, to gain an unjust advantage or to commit an injustice. 1 Fletcher, *Cyclopedia Corporations,* sec. 42 (1974 Rev. Vol.) ; 1 O'Neal, *Close Corporation,* sec. 1.09a (2d Ed. 1971) ; Cary, *Cases and Materials on Corporations,* 109–112 (4th Ed. 1969).

---

[2] The official UCC Comment recognizes that a party who does not sign the instrument may still be liable on the original obligation:

"Nothing in this section is intended to prevent any liability arising apart from the instrument itself. The party who does not sign may still be liable on the original obligation for which the instrument was given . . ." 40B Wis. Stats. Ann., sec. 403.401, Official U.C.C. Comment, p. 193. *See* White & Summers, *Handbook of the Law under the Uniform Commercial Code* sec. 13–2, p. 400 (1972).

[3] The trial court found the corporation liable under the doctrine of quasi-contract. *See: Nelson v. Preston,* 262 Wis. 547, 549, 55 N.W.2d 918 (1952) ; *Superior Plumbing Co. v. Tefs,* 27 Wis.2d 434, 437, 134 N.W.2d 430 (1965). In its discussion of quasi-contract, the trial court viewed the evidence as demonstrating that Richardson, "was the corporation." Because we base our holding on the doctrine of disregarding the corporate entity, we need not discuss the application of the doctrine of quasi-contracts.

This court has said that "if . . . applying the corporate fiction would . . . defeat some strong equitable claim, the fiction is disregarded and the transaction is considered as one of the individual himself or of the corporation, whichever will prevent the inequitable result . . ." *Marlin Electric Co. v. Industrial Comm.*, 33 Wis.2d 651, 658, 148 N.W.2d 74 (1967), quoting *Milwaukee Toy Co. v. Industrial Comm.*, 203 Wis. 493, 495, 234 N.W. 748 (1931).

In the case at bar the corporation does not have an existence apart from the shareholder and recognizing its separate existence would work an injustice.

Richardson, the sole stockholder, ignored the corporate entity. His finances and those of the corporation were one and the same. He used the corporate checking account as his personal checking account. He seldom took wages. He did not make regular additions to the corporate account to repay the amounts he withdrew. The trial court chose to believe Wiebke's testimony that she thought she was making the loan to Richardson for use in his business. Her testimony is corroborated by the corporate records which for almost two years show the $6,000 as a loan from Wiebke and which show that the corporation paid the interest on the loan.

Richardson failed to draw the line between his individual and corporate affairs and is in a poor position to ask the court to do so.

The corporation raises two additional arguments on appeal.

The corporation argues that the doctrine of election of remedies bars Wiebke from suing it.[4] The claim is that,

---

[4] The corporation demurred to Wiebke's complaint on the ground that she was barred by the doctrine of election of remedies. The demurrer was overruled. No appeal was taken from the order overruling the demurrer, although one would have been permitted

having elected to proceed against Richardson personally, Wiebke could not later sue the corporation.

Prior to suing the corporation in July, 1974, Wiebke had sued Richardson on the note. On April 14, 1972 a judgment against Richardson in favor of Wiebke in the amount of $8,502 was entered.

Under the equitable doctrine of election of remedies a litigant who seeks relief on the basis of one state of facts cannot set forth a contrary state of facts on the basis of which he claims inconsistent relief. We have said that "where more than one remedy to deal with a single subject of action exists and they are inconsistent with each other, after the choice of one the others to all intents and purposes no longer exist. Where more than one remedy exists to deal with a single subject of action, but they are not inconsistent, nothing short of full satisfaction of the plaintiff's claim waives any of such remedies." *Bank of Commerce v. Paine, Webber,* 39 Wis.2d 30, 37, 158 N.W.2d 350 (1968), quoting *Rowell v. Smith,* 123 Wis. 510, 522, 102 N.W. 1 (1905).

Suing Richardson and suing the corporation are not inconsistent remedies. Wiebke could properly sue Richardson on the basis of the note and could sue the corporation on the express obligation underlying the note.

Even if the remedies were inconsistent, Wiebke would not be barred from suing the corporation. Wiebke did not learn until January, 1974, almost two years after obtaining judgment against Richardson, that she had

under sec. 274.33(3), Stats. 1973, now sec. 817.33(3)(e), Stats. The failure to appeal from the order does not preclude the corporation from raising the issue now. On appeal from a judgment, intermediate orders appearing on the record which involve the merits and affect the judgment may be reviewed. Sec. 274.34, Stats. 1973, now sec. 817.34, Stats.

a claim against the corporation. "A party is never bound by the election of a remedy, made in ignorance of substantial facts, which, if known, might proffer an alternative suit." *Stadler v. Rohm*, 40 Wis.2d 328, 337, 161 N.W.2d 906 (1968), quoting *Bank of Lodi v. Washburn Electric Light & Power Co.*, 98 Wis. 547, 550, 74 N.W. 363 (1898).

In addition, the corporation argues that Wiebke is precluded from recovering anything from it because a claimant is entitled to only one satisfaction of a claim and a satisfaction has been entered on Wiebke's judgment against Richardson in his individual capacity. "[A] person may pursue to judgment as many remedies as he has for the same loss, if they are not inconsistent, but can have only one satisfaction; payment of one of the claims involved in the enforcement of such remedies, whether made before or after judgment, being considered a *pro tanto* discharge of the claim involved in the other." *Barth v. Loeffelholtz*, 108 Wis. 562, 568, 84 N.W. 846, 848 (1901).

Wiebke took judgment against Richardson in the amount of $8,502. Sometime later in 1972, Wiebke received from Richardson $500 and an assignment of a life insurance policy in partial settlement of the judgment. No satisfaction of the judgment was entered.

In 1974, during the pendency of this action against the corporation, Richardson was adjudged a bankrupt, and his judgment debt to Wiebke was discharged in bankruptcy.

Wiebke received notice of the discharge by a document dated May 1, 1974, which advised her that the judgment she obtained was null and void and that she was enjoined from instituting or continuing any action or using any process to collect the debt as a personal liability of Richardson. On October 7, 1974, Wiebke and Richardson stipulated that, whereas the judgment in favor of Wiebke and against Richardson had been dis-

charged in bankruptcy, the La Crosse county court might enter an order in the action of *Wiebke v. Richardson* declaring the judgment satisfied and further declaring that the satisfaction would not affect the assignment of Richardson's insurance policy to Wiebke. On October 9, 1974, the La Crosse county court ordered that the judgment be and was satisfied and directed the clerk to enter the satisfaction on the docket.

Wiebke obviously entered into the stipulation because Richardson could have obtained a court order directing satisfaction of the judgment without the stipulation. Sec. 270.91(2), Stats. 1973, currently sec. 806.19(4), Stats.[5] The entry of satisfaction was not the result of a contract into which Wiebke entered voluntarily. Although a discharge in bankruptcy is treated on the record as if it were a satisfaction of the judgment against the bankrupt, the judgment was not in fact paid in full or satisfied. A discharge renders the judgment void to bar the collection of the judgment as a personal obligation of the debtor. Permitting Wiebke to recover from the corporation does not defeat the policy of allowing a discharge in bankruptcy and allowing the bankrupt to make a fresh start.

Accordingly, for the reasons set forth, the judgment of the trial court is affirmed.

*By the Court.*—Judgment affirmed.

---

[5] Sec. 270.91(2), Stats. 1973, now sec. 806.19(4), Stats., provides:

"(2) Upon proper notice, any person who has secured a discharge in bankruptcy may apply to the court where any judgment rendered void by such order of discharge was entered, for an order to satisfy such judgment. If the court finds that such order of discharge in bankruptcy was duly obtained and that its effect is to render void the judgment sought to be satisfied, it shall declare such judgment to be satisfied and direct satisfaction thereof to be entered on the docket. The entry of such order of satisfaction of judgment shall bar any other action in the courts of this state against such bankrupt person based upon the judgment so satisfied."