Morris MYERS and Peggy Myers,
Plaintiffs and Respondents,

v.

Howard R. MORGAN and David T.
Green, Defendants and Appellants.

No. 16991.

Supreme Court of Utah.

Feb. 2, 1981.

James W. Gilson of Ray, Quinney & Ne-beker, O. Robert Meredith, Salt Lake City, for defendants and appellants.

Morris and Peggy Myers pro se.

CROCKETT, Justice: *

Plaintiffs Morris and Peggy A. Myers brought an action to recover $3,700 allegedly owed them by the defendants Howard R. Morgan and David T. Green. The trial court found that the outstanding indebtedness was $2,540 and so entered judgment, plus interest, against the defendants.

Only defendant Green appeals. His contention is that the judgment was based on a promissory note, which was signed only by defendant Morgan, and that the latter alone is liable thereon because the note did not indicate that Morgan had signed it in a representative capacity.

The promissory note referred to was given as a promise to repay loans made by plaintiff Peggy A. Myers to MGM Personnel Associates, Inc., an employment agency formed by the defendants. It was dated September 1, 1974, and was signed by defendant Morgan in March, 1975, at which time the above-named corporation was formed.[1] The $3,700 note was payable to plaintiff Peggy A. Myers [2] and provided for monthly payments of $100, commencing December 1, 1975. However, financial diffi-

---

* Justice Crockett wrote this opinion prior to his retirement.

1. The articles of incorporation named as the three directors of the corporation plaintiff Peg-gy A. Myers, defendant David T. Green and one Joseph H. Bottum, III.

2. She later assigned a one-half interest in the note to plaintiff Morris Myers.

culties arose and MGM Personnel Associates was subsequently dissolved.

The plaintiffs initiated this action on December 14, 1976. In their complaint, they alleged that the defendants owed $3,700 "for money lent," but had "not paid the same nor any part thereof except $100.00 on December 3, 1975." Defendant Morgan, through his attorney, and defendant Green, who appeared pro se, filed separate answers to the plaintiffs' complaint, wherein they both denied its allegations.

Subsequently, the plaintiffs filed an amended complaint wherein they incorporated by reference the allegations of the original complaint. They then alleged that defendant Morgan "individually and for said partnership, and as agent of defendant David T. Green, a partner," executed the promissory note and that, except for $100, no payments had been made on the note.

Defendant Morgan appeared at the trial and was represented by counsel. Defendant Green did not appear nor participate therein. Mr. Morgan testified that he and Green requested and received certain cash advances from plaintiff Peggy A. Myers in order to start the business. Further, he admitted the validity of the note which he had executed and stated that it represented the total amount of the loans which defendants had obtained from plaintiff. At the trial, in support of the defendants' claim of partial payment of the note, various checks given to the plaintiff were introduced in evidence, some of which were signed by the defendant David T. Green.

The trial court found that:

Defendant, Howard R. Morgan, individually and for said partnership, and as agent of defendant, David T. Green, a partner, made, executed and delivered to plaintiff, Peggy A. Myers, the promissory note received in evidence at the trial of this cause *in consideration of loans and advances made to said partnership by plaintiffs.* [Emphasis added.]

The court also found that the promissory note "is a valid and subsisting obligation on the part of defendants, individually and as partners aforesaid, to pay to plaintiffs said principal sum and interest."

In support of his argument that he is not liable for the indebtedness, defendant Green places reliance on Section 70A–3–401(1), U.C.A. 1953, which provides:

No person is liable on an instrument unless his signature appears thereon.

He also cites Section 70A–3–403(2), which states:

An authorized representative who signs his own name to an instrument (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity . . . .

■ The defendant is correct in asserting that the general rule is that when a person signs a promissory note without indicating that he is signing as the authorized representative of another, he becomes personally liable thereon.[3] However, it does not follow that another person who does not sign the note may not also be liable for the obligation which underlies it.[4] In the official comments on the Uniform Commercial Code with respect to Section 70A–3–401(1), it is stated:

Nothing in this section is intended to prevent any liability arising apart from the instrument itself. The party who does not sign may still be liable on the original obligation for which the instrument was given.

■ It is significant to note that in this case the plaintiffs' complaint as amended sought recovery both on the promissory note and on the underlying obligation for which it was given. There is a basis in the

---

**3.** See 11 Am.Jur.2d, Bills and Notes, sec. 560; *Sterling Press v. Pettit,* Utah, 580 P.2d 599 (1978); *Bostwick Banking Co. v. Arnold,* 227 Ga. 18, 178 S.E.2d 890 (1970). Cf., *Salt Lake City Brewing Co. v. Hawke,* 24 Utah 199, 66 P. 1058 (1901).

**4.** *McClung v. Saito, et al.,* 4 Cal.App.3d 143, 84 Cal.Rptr. 44 (1970); *Ness v. Greater Arizona Realty, Inc.,* 21 Ariz.App. 231, 517 P.2d 1278 (1974); *Wiebke v. Richardson & Sons, Inc.,* 83 Wis.2d 359, 265 N.W.2d 571 (1978).

evidence to support the trial court's finding that the defendants as partners received the benefit of the money loaned by the plaintiff and that they are each liable for its repayment.[5] In conformity with the statement in the comment just quoted above, the fact that defendant Morgan signed a note acknowledging his obligation does not relieve the defendant Green of his obligation.

The final matter to be addressed is the assertion of plaintiffs in their respondents' brief that they are entitled to the full $3,700 face amount of the promissory note, plus interest, without deduction for the amounts paid by the defendants by the checks above referred to. Their argument is that the defendants failed to plead the defense of payment and that the issue was thus not properly before the trial court. The argument is without merit. Under our modernized rules of procedure, Rule 54(c), U.R.C.P., provides that the court shall render the judgment to which the evidence shows the parties are entitled, even if not so requested in the pleadings.

What has just been said sufficiently disposes of the plaintiff's contention. But in supplement thereto, we further observe that the defendant did not comply with the requirements of Rule 74(b), U.R.C.P., relating to cross appeals.[6] The judgment of the trial court is affirmed in its entirety, the parties to bear their own costs.

HALL and HOWE, JJ., and CALVIN GOULD, District Judge, concur.

STEWART, J., concurs in the result.

MAUGHAN, C. J., does not participate herein; GOULD, District Judge, sat.

---

5. That this Court will affirm the trial court on any proper ground apparent from the record, see *Edwards v. Iron County*, Utah, 531 P.2d 476 (1975); *Allphin Realty, Inc. v. Sine*, Utah, 595 P.2d 860 (1979).

6. See *Terry v. Zions Co-op Mercantile Inst.*, Utah, 617 P.2d 700, 701 (1980).