Steven **KOHLER, et al., Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

Nos. C3–87–792, C9–87–845.

Court of Appeals of Minnesota.

Dec. 15, 1987.

Amy L. Borgeson, Law Office of Louis D. Bass, Minneapolis, for appellants.

Michael J. Ford, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for respondent.

Heard, considered and decided by PARKER, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

PARKER, Judge.

Barry Arnold appeals from a judgment entered in favor of State Farm Mutual Automobile Insurance Company on its summary judgment motion. The trial court held that Arnold had elected his remedy by actively pursuing worker's compensation benefits and therefore Arnold could not proceed against his co-employee, Steven Kohler, for his alleged negligence, or against Kohler's insurer. We affirm.

## FACTS

Arnold was injured when the truck in which he was a passenger left the road and rolled over. Marvin Quade, owner and operator of Quade Breeder Services, Inc., which is in the business of artificially inseminating turkeys, owned the truck. Kohler, a Quade employee, was driving when the accident happened. The truck was regularly used by Quade employees to travel to and from Quade's business headquarters and various job sites and was furnished by Quade for that purpose.

On the day of the accident, a work crew consisting of Kohler, Arnold and other Quade employees drove via Highway 10 to a farm where they were scheduled to artificially inseminate turkeys. On the return trip the crew stopped at the Friendly Inn, off Highway 10, where Kohler consumed five alcoholic beverages. A few hours later when the crew was back on Highway 10 headed for Quade headquarters, the accident occurred.

Quade filed a "First Report of Injury" on Arnold's behalf with Fireman's Fund Insurance Company Group, the truck's insurer. Fireman's Fund voluntarily paid Arnold worker's compensation benefits for 20 months, but then served Arnold with notice of its intention to discontinue benefit payments in August 1982.

Disputing the discontinuation of benefits, Arnold pursued a lump-sum settlement with Quade and Fireman's Fund. These parties entered into a stipulation for settlement in August 1984 (Arnold-Quade settlement). That settlement permitted Arnold to retain $36,111.70 in benefits that Fireman's Fund had already paid out. Arnold accepted an additional $10,000, for a total of $46,111.70 in benefits. As part of the settlement, Quade and Fireman's Fund gave up any potential subrogation rights. Relying on Minn.Stat. § 176.521, subd. 2a, the compensation judge signed the settlement award and ordered payment in October 1984.

While Arnold was receiving benefits from Fireman's Fund and seeking to settle his dispute with it and Quade, he was also pursuing a negligence action against Kohler. Kohler's personal automobiles were insured by State Farm. State Farm denied Kohler coverage and refused to defend the lawsuit, contending that Arnold's injury oc-

curred in a "non-owned" vehicle in the course of Kohler's employment and that Kohler's policy does not cover such injuries.

After Arnold settled his dispute with Quade and Fireman's Fund, Arnold and Kohler entered into a stipulation for settlement and Kohler consented to the entry of judgment for $50,000 (Arnold–Kohler settlement). The settlement purported to release Kohler from any personal liability and to assign to Arnold any claims Kohler may have had against State Farm.

The trial court issued an order for entry of judgment pursuant to the Arnold–Kohler settlement on November 30, 1984, more than a month after the award on the Arnold–Quade settlement. Although the same counsel represented Arnold in both settlements, there is no evidence that the court was alerted to the prior worker's compensation award.

## ISSUE

Did the trial court properly grant summary judgment to State Farm on the ground that Arnold had elected his remedy?

## DISCUSSION

In *Peterson v. Kludt,* 317 N.W.2d 43 (Minn.1982), the supreme court ruled that an employee injured in the scope of his employment while riding in his employer's truck could not sue his co-employee for negligence after applying for and accepting worker's compensation benefits. *See id.* at 46, 48. The court held that the election-of-remedies provision of the Workers' Compensation Act, Minn.Stat. § 176.061, subd. 1 (198 ),[1] bars such recovery. *See id.* at 48 The court stated:

One of the trade-offs in passing the Workers' Compensation Act was that one employee would not be eligible to sue another in a situation such as is presented here. To allow an employee to sue his fellow worker for negligence and thus permit his employer to be reimbursed from the recovery for workers' compensation benefits already paid is "to shift tort liability from employer to fellow employee in a manner never intended by the workers' compensation system."

*Id.* (citation omitted).[2]

For this case we assume, as did the trial court, that Arnold's mere acceptance of worker's compensation benefits voluntarily paid by Fireman's Fund did not constitute an election of remedies. *Cf. Stolpa v. Swanson Heavy Moving Co.,* 315 N.W.2d 615, 617 (Minn.1982) (accepting another state's worker's compensation benefits voluntarily paid does not constitute an election to seek benefits in that state within the meaning of Minn.Stat. § 176.041, subd. 4 (1980)). We hold, however, that Arnold's pursuit of a lump-sum settlement with Fireman's Fund and Quade while represented by counsel did constitute an election under section 176.061, subd. 1. Generally, a party is not bound by an election

unless he has pursued the chosen course to a determinative conclusion or has procured advantage therefrom, or has thereby subjected his adversary to injury.

*First National Bank v. Flynn,* 190 Minn. 102, 107, 250 N.W. 806, 808 (1933); *Kosbau v. Dress,* 400 N.W.2d 106, 110 (Minn.Ct. App.1987). Arnold pursued recovery of worker's compensation benefits to a determinative conclusion, the Arnold-Quade settlement and award, receiving a total of $46,111.70 in benefits, together with Fire-

---

1. Minn.Stat. § 176.061, subd. 1 (1986), provides: If an injury * * * for which benefits are payable occurs under circumstances which create a legal liability for damages on the part of a party other than the employer and at the time of the injury * * * that party was insured * * * in accordance with this chapter, the employee, in case of injury * * * may proceed either at law against that party to recover damages or against the employer for benefits, but not against both.

2. Minn.Stat. § 176.061, subd. 5(c) (1986), also bars negligence actions by one employee against another after an injured employee elects to receive worker's compensation benefits. *See Terveer v. Norling Brothers Silo Co., Inc.,* 365 N.W.2d 279, 281 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. May 31, 1985). That section permits suit against a co-employee only for gross negligence or intentional tort. *Id.* Arnold pled only negligence in his complaint.

man's Fund's and Quade's waiver of all subrogation rights.

An additional reason requires a holding that Arnold elected his remedy. Under the election-of-remedies doctrine, a litigant who seeks relief on the basis of one state of facts cannot set forth a contrary state of facts on the basis of which he claims inconsistent relief. *Wiebke v. Richardson & Sons, Inc.*, 83 Wis.2d 359, 365, 265 N.W.2d 571, 574 (1978). In the Arnold-Quade settlement stipulation, Arnold maintained

> that the personal injury [he] suffered as a result of the May 17, 1980 automobile accident arose out of and in the course of his employment with Quade.

In this action against State Farm, however, Arnold asserts the diametrically opposed claim that he and Kohler were acting outside the scope of their employment.

The election-of-remedies doctrine bars Arnold from forcing Quade and Fireman's Fund to settlement, claiming that the accident was work-related, and then recovering again against Kohler and State Farm while asserting the contrary. The purpose of the election-of-remedies doctrine is not to prevent recourse to a potential remedy, but to prevent double redress for a single wrong. *First National Bank v. Flynn*, 190 Minn. at 106–07, 250 N.W. at 808.

In opposing State Farm's summary judgment motion, Arnold argued that the Arnold–Kohler settlement collaterally estopped State Farm from contending that the accident was work-related. In that settlement Kohler stipulated that he and Arnold were acting outside the scope of their employment at the time of the accident. The trial court incorporated that admission in its order holding Kohler negligent.

Citing *Miller v. Shugart*, 316 N.W.2d 729 (Minn.1982), Arnold contends an insurer cannot attack a settlement or stipulated judgment entered into by its insured when the insurer has abandoned the insured, leaving him to defend the action. In *Shugart*, while the insurer was litigating whether its policy covered the insured, the insured settled with the plaintiff for twice the policy limit, with recovery limited to available insurance proceeds. *Id.* at 732.

The plaintiff commenced a garnishment action to collect on the judgment after coverage was decided in the insured's favor. *Id.* at 731. Finding that the judgment up to the policy limit was reasonable and prudent as a matter of law, the supreme court held the insurer liable. *Id.* at 736.

*Shugart* is inapplicable on the facts of this case:

(1) In *Shugart* a declaratory judgment action adjudged that the insurer's policy required the insurer to defend and indemnify the insured. *Id.* at 732. Here, there has been no such judicial determination.

(2) Unlike the insurer in *Shugart, see id.* at 736, State Farm disputes the facts recited in the Arnold–Kohler settlement which provide the basis for liability.

(3) Most significantly, the plaintiff in *Shugart* met his burden of proving that the settlement was fair and reasonable. *See id.* at 735–36. Arnold, on the other hand, has not met this burden. The Arnold-Kohler settlement, stipulating that Kohler and Arnold were acting outside the scope of their employment, was patently unfair and unreasonable in light of Arnold's prior contention to the exact contrary in the Arnold–Quade settlement.

Under the circumstances of this case, we think that collaterally estopping State Farm, a nonparty to the *Arnold v. Kohler* litigation, would deny State Farm due process. Collateral estoppel bars only relitigation of the same issues by the same parties or those in privity with them. *Ellis v. Minneapolis Commission on Civil Rights*, 319 N.W.2d 702, 704 (Minn.1982). State Farm was not a party to the Arnold–Kohler settlement, and it has not been determined that State Farm was in privity with Kohler. Despite the privity issue, we still have serious misgivings about whether Kohler fairly and adequately represented State Farm's interests consistent with due process guarantees. Kohler gratuitously conceded that he and Arnold acted outside the scope of their employment, *after* Arnold had elected his remedy and upon the promise of no personal liability. *See generally,* Pielemeier, *Due Process Limitations*

*on the Application of Collateral Estoppel Against Nonparties to Prior Litigation,* 63 B.U.L.Rev. 383, 420 (1983) (discussing due process aspects of collaterally estopping nonparties on questionable factual determinations).

### DECISION

Arnold elected his remedy by pursuing workers' compensation benefits to a lump-sum settlement and is thus unable to recover against Kohler or State Farm for Kohler's alleged negligence. The trial court properly granted summary judgment on this ground.

Affirmed.