Karen A. LUND, individually and as Trustee for the Heirs-at-Law and Next-of-Kin of William D.R. Lund, Decedent, Respondent,

v.

CORPORATE AIR, INC., Petitioner.

No. C5–89–426.

Court of Appeals of Minnesota.

April 18, 1989.

Review Granted June 21, 1989.

Mark N. Stageberg, Kay Nord Hunt, Lommen, Nelson, Cole, & Stageberg, P.A., Minneapolis, for respondent.

Ludwig B. Gartner, Timothy R. Schupp, Faegre & Benson, Minneapolis, for petitioner.

Considered at Special Term and decided by WOZNIAK, C.J., and FOLEY and NIERENGARTEN, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

William Lund was killed in a plane crash in 1985. He was on board a Corporate Air Learjet for the purpose of receiving flight instruction, with the potential of future employment. Corporate Air claims that Lund was an employee at the time of the flight and his family is therefore limited to workers' compensation benefits. Corporate Air moved for summary judgment in the wrongful death action, arguing the exclusivity of the workers' compensation remedies.

The motion for summary judgment was first denied in June 1988. The judge's order indicated that "whether decedent was an employee of defendant at the time of his death is a fact question that must be determined at trial in this case." Corporate Air later brought another motion for summary judgment. It was denied by a second judge in February 1989. That judge ruled that the filing of a workers' compensation application before the statute of limitations expired (to be pursued only if it is eventually determined that Lund was an employee)

does not outweigh "all of the evidence in the file indicating that decedent was not an employee." The judge stressed that "the decision concerning the decedent's employment has been and remains reserved for the jury." One month later, the second judge specifically denied Corporate Air's request that the legal issue be certified to this court as important and doubtful. Corporate Air seeks discretionary review.

### DECISION

Counsel have an obligation of candor toward this court. *See* Minn.R.Prof. Conduct 3.3. Corporate Air's counsel failed to disclose that a substantially similar motion for summary judgment had been denied by another judge eight months before the denial for which discretionary review is now sought. In addition, counsel failed to disclose the trial court's specific refusal to certify the question presented by the second motion to be important and doubtful. *See* Minn.R.Civ.App.P. 103.03(h) (immediate appeal may be taken from denial of summary judgment, if trial court certifies that question presented is important and doubtful). The opinion of the trial court that immediate appellate review is unwarranted is clearly germane to our inquiry whether "the interest of justice" would be served by extending discretionary review. *See* Minn. R.Civ.App.P. 105.01.

The petition for discretionary review failed to address the significance of Lund's rejection of workers' compensation benefits or the workers' compensation order staying all proceedings on the claim.

Corporate Air asserts that "this case involves an unusual issue of first impression in Minnesota." The petition did not discuss relevant caselaw, which holds that a binding election of remedies does not generally occur until workers' compensation benefits are actively pursued to a determinative conclusion, benefits are accepted, and the adversary is injured thereby. *Kohler v. State Farm Mutual Automobile Insurance Co.*, 416 N.W.2d 469 (Minn.Ct.App. 1987). (Although the case was not even cited in the petition, we also note that Lund, unlike the litigant in *Kohler*, has

consistently denied that the decedent was an employee. *See Id.* at 472.)

We agree with the trial judge that the motion for summary judgment does not present an important and doubtful legal issue warranting interlocutory review. The lack of candor in the petition submitted to this court justifies the imposition of a sanction. Accordingly, petitioner's counsel shall pay $500 to the Clerk of the Appellate Courts by April 28, 1989.

Petition for discretionary review denied.