STATE of Wisconsin, Plaintiff-Respondent,

v.

David R. BERTRAND, Defendant-Appellant.†

Court of Appeals

*No. 90–1327–CR. Submitted on briefs December 11, 1990.—Decided April 3, 1991.*

(Also reported in 469 N.W.2d 873.)

† Petition to review denied.

412

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Elizabeth E. Stephens,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Nettesheim, P.J., Brown and Scott, JJ.

BROWN, J. This is an appeal from a denial of a postconviction motion brought by David R. Bertrand under sec. 974.06, Stats. Bertrand interprets the hostage-taking statute, sec. 940.305, Stats., as requiring that the hostage be injured before a person can be convicted of a Class A felony and that the state must prove specific intent to inflict harm. He argues that the statute is unconstitutional because it is silent about intent, vague about the timing of injury, and violates equal protection by providing an identical penalty for defendants who injure their hostage and those who do not. We affirm. The statute unambiguously punishes more severely those who do not release their hostages unharmed before the hostage-taker's arrest.

In April 1982, Waukesha county sheriff's deputies Bach and Celmer followed David Bertrand's car because it fit the radio description of a vehicle driven by a drunk driver. The officers stopped Bertrand on suspicion of drunk driving after they observed him cross the center line several times. Bach went to the driver's door of the car while Celmer went to the passenger side. Bertrand gave Bach a false driver's license and was argumentative.

Bach ordered Bertrand to step out of the vehicle. Bertrand grabbed Bach and held a gun to his side. Bertrand also yelled to Celmer to drop his gun or he would "blow [Bach] away." However, Celmer crouched down, pulled out his revolver, moved toward his squad car and called for backup help.

Bertrand continued to tell Celmer to drop his gun and move away from his squad car. He received no reply from Celmer. Bertrand then said to Bach: "I couldn't do it to you anyhow, man." Seconds later there was a shot and Bertrand fell. Celmer's shot hit Bertrand in the chest. Bach suffered no physical injuries. Bach heard no

414

clicking sounds from Bertrand's weapon, and the revolver was uncocked when recovered.

Bertrand was convicted of violating the hostage-taking statute, sec. 940.305, Stats. Bertrand appealed that conviction in 1985. The court of appeals affirmed the conviction and our supreme court denied Bertrand's petition for review. In 1989, Bertrand initiated this appeal in the circuit court under sec. 974.06, Stats., which permits a constitutional challenge to a conviction after the time for direct appeal has expired. Bertrand challenges the constitutionality of the hostage-taking statute, sec. 940.305. The circuit court found the statute constitutional. This appeal concerns that decision.

■

The state argues that Bertrand waived his right to appeal by failing to raise his constitutional challenge at trial or on direct appeal. Consideration of a constitutional issue raised for the first time on appeal is a matter of the court's discretion and may be done if it is in the best interests of justice to do so, if both parties have had the opportunity to brief the issue and if there are no factual issues that need resolution. *In re Baby Girl K.,* 113 Wis. 2d 429, 448, 335 N.W.2d 846, 856 (1983). In our view, all of these qualifications are present; we therefore address the issue despite waiver.

■

The constitutionality of a statute is a question of law which is reviewed *de novo. Hasselblad v. City of Green Bay,* 145 Wis. 2d 439, 442, 427 N.W.2d 140, 141 (Ct. App. 1988). There is a strong presumption that statutes are constitutional, and the court of appeals will construe a statute to preserve its constitutionality if it is at all possible to do so. *State v. Peck,* 143 Wis. 2d 624, 636, 422 N.W.2d 160, 165 (Ct. App. 1988).

The hostage-taking statute, sec. 940.305, Stats., provides:

> Whoever by force or threat of imminent force seizes, confines or restrains a person without the person's consent and with the intent to use the person as a hostage in order to influence a person to perform or not to perform some action demanded by the actor is guilty of a Class A felony; but if each person who is held as a hostage is released without bodily harm prior to the time of the defendant's arrest, the defendant is guilty of a Class B felony.

All of Bertrand's arguments hinge on his contention that the aggravating element in the statute distinguishing a Class A felony from a Class B felony is bodily injury to a hostage. Bertrand purports to arrive at his interpretation by analyzing the legislative history of the statute and comparing it with hostage-taking statutes in other states. In line with his interpretation of the statute, Bertrand argues that he received the penalty for the harsher Class A felony without proof of his intent to harm and even without actual harm to his hostage. He contends that this violated his due process rights. He urges this court to read into the statute a specific intent to injure and then find that the jury in his case was not instructed on the intent element of the crime of hostage-taking. He also argues there was insufficient evidence to convict him of a Class A felony because Officer Bach was not injured.

Additionally, Bertrand argues that the statute is void for vagueness because it allows a charge of Class A hostage-taking based upon the timing of the victim's release and the definition of "arrest," rather than upon the occurrence of injury to the victim. Bertrand contends that this permits arbitrary and subjective prosecutions, thus violating due process. Additionally, Bertrand

argues that the statute violates equal protection of the law because it irrationally places in the same classification defendants who injured their hostage and defendants who did not injure their hostage. Bertrand also argues that the classification defeats the purpose of the statute because a hostage-taker will have little incentive to assure the victim's safety if arrest is imminent.

We disagree with Bertrand's basic premise. The fundamental problem with his argument is that he misreads sec. 940.305, Stats. Bertrand reads the statute to say that hostage-taking is a Class B felony unless the defendant injures the hostage, thereby converting the defendant's act into a Class A felony. That is not what the statute says. Section 940.305 clearly states that all hostage-taking is a Class A felony. However, the statute provides an incentive to a hostage-taker to release the hostage unharmed before the hostage is subjected to the threat of injury from a police rescue effort. The statute provides this incentive by offering a mitigation of the Class A penalty to a hostage-taker who releases the hostage without bodily harm prior to the hostage-taker's arrest.

Bertrand's misreading of the statute leads him to the incorrect notion that the statute is vague and is a strict liability statute that violated his due process rights by not requiring the state to prove at trial that he had the intent to injure his hostage. A criminal statute overcomes challenges of vagueness and lack of due process if it is sufficiently definite to give a person of ordinary intelligence fair notice of the conduct required or prohibited and provides standards for those who enforce the laws and those who adjudicate guilt. *See State v.*

*Popanz,* 112 Wis. 2d 166, 173, 332 N.W.2d 750, 754 (1983).

■

Under sec. 940.305, Stats., the state's burden of proof is to show that the defendant took a hostage, with intent to use the person as a hostage, and that the hostage was not released unharmed prior to arrest. Since the state's burden of proof is not vague, this statute does not lead to arbitrary and subjective prosecution any more than any other criminal statute. Furthermore, in Bertrand's 1985 appeal of his conviction, we addressed any questions Bertrand had about whether the state proved all the necessary elements of the crime of hostage-taking. *See State v. Bertrand,* No. 84–1550–CR unpublished slip op. (Wis. Ct. App. Aug. 14, 1985). Thus, sec. 940.305 is not void for vagueness and does not violate Bertrand's due process rights.

■

Nor does the statute violate Bertrand's equal protection rights by means of an irrational classification. Under the rational basis test, which is used to analyze equal protection claims not involving fundamental rights or a suspect class, a legislative classification must be upheld if there exists any reasonable basis to justify it. *In re K.C.,* 142 Wis. 2d 906, 916, 420 N.W.2d 37, 40 (1988). In determining whether there is any reasonable basis, it is the court's obligation to locate or construct a rationale that might have influenced the legislature and that reasonably upholds the legislative determination. *Id.* We conclude that the classification in sec. 940.305, Stats. has a rational basis.

■

The statute views hostage-takers who inflict bodily harm on their hostage prior to arrest as exhibiting the same *mens rea* as those hostage-takers who subject their

hostage to potential bodily harm that can occur during a rescue effort. Both are equally dangerous. When a hostage-taker holds a hostage through the time of arrest, both the hostage and the police officers can be seriously injured, even without a direct act by the hostage-taker. The hostage can be in the line of police fire. Moreover, police officers might take additional risks with their own safety to protect the hostage.

A hostage could receive greater injury from the police during a rescue effort than if the hostage-taker directly caused minor bodily injury to the hostage. Yet, under Bertrand's interpretation of the statute, the hostage-taker who caused minor bodily injury to the hostage would be a Class A felon; however, a hostage-taker who did not injure or intend to injure the hostage, but who subjected the hostage to great danger during a prolonged rescue effort prior to the hostage-taker's arrest, would be a Class B felon. In our view, that would be the irrational classification.

We hold that the hostage-taking statute, sec. 940.305, Stats., meets the constitutional requirements of due process and equal protection. Therefore, we affirm the order of the circuit court denying Bertrand's post-conviction motion.

*By the Court.*—Order affirmed.