SHIRLEY S. ABRAHAMSON, C.J.
¶ 42. (concurring). Compelled statements by the defendant to his extended supervision agent were erroneously appended to the presentence investigation report (PSI) in the instant case. The defendant moved for resentencing, arguing that the circuit court improperly considered these statements when imposing sentence, violating the defendant's privilege against self-incrimination.
¶ 43. The circuit court denied the defendant's motion. The court of appeals granted the defendant resentencing based on ineffective assistance of counsel, an issue it raised sua sponte.
¶ 44. I agree with the majority opinion that the court of appeals' decision granting the defendant resentencing based on ineffective assistance of counsel should be reversed. I write to clarify several points of law.
¶ 45. First, the majority opinion fails to correct errors in the court of appeals' approach to the issue of ineffective assistance of counsel. Its silence about these errors might imply that it is endorsing the court of appeals' approach.
¶ 46. The court of appeals erred in concluding that defense counsel's trial performance was deficient. *318 The court of appeals could not determine whether defense counsel performed deficiently without a Machner hearing.[1]
¶ 47. Because the court of appeals in the instant case raised the issue of ineffective assistance of counsel sua sponte, no Machner hearing had been held. A Machner hearing is critical to address the competency of defense counsel and to preserve defense counsel's testimony.[2] Indeed, a Machner hearing "is a prerequisite to a claim of ineffective representation . . . ."[3]
¶ 48. Thus, the court of appeals should have remanded the cause to the circuit court for a Machner hearing. The court of appeals erred in determining that the defendant received deficient assistance of counsel without first providing defense counsel an opportunity to explain "the reasons underlying his handling of [the] case."[4]
¶ 49. The majority opinion determines that defense counsel's trial performance was not prejudicial.[5] In contrast to the determination that defense counsel was deficient, the determination of prejudice can be *319 made by an appellate court regardless of whether a Machner hearing has been held.[6]
¶ 50. I do not object to the majority opinion's resolution of the ineffective assistance of counsel issue. Rather, I take issue with the majority opinion's failure to clarify that a Machner hearing is required before an appellate court can determine that defense counsel's performance was deficient. The majority opinion is too cryptic and fails to make the court of appeals' error clear.
¶ 51. Further, after the court of appeals raised the issue of ineffective assistance of counsel sua sponte (which of course it may do), it failed to allow briefing on the matter. This is particularly problematic considering the court of appeals determined that the issue of ineffective assistance of counsel was dispositive of the case. Moreover, had the parties briefed the issue of defense counsel's competency, the court of appeals may not have erroneously disregarded the Machner requirement.
¶ 52. We have previously admonished that before a court acts on its own initiative, it must accord the parties an opportunity to present their positions.[7] *320 (Admittedly, this court frequently fails to follow its own advice in this regard.[8])
¶ 53. Second, the majority opinion fails to caution that this court generally does not consider dispositive "[a] circuit court's after-the-fact assertion of non-reliance" on an improper factor at sentencing.[9] Rather, "[a] reviewing court must independently review the record of the sentencing hearing to determine the existence of any actual reliance on [an improper factor]."[10]
*321 ¶ 54. The majority opinion concludes that the defendant is not entitled to resentencing because he has failed to meet his burden of proving by clear and convincing evidence that the circuit court actually relied on an improper factor when imposing sentence.[11]
¶ 55. In reaching this conclusion, the majority opinion relies on the circuit court's order, which states that "the court and the parties were aware of the bigger picture of what had been going on, and the defendant's statement to his agent did not reveal anything not already known to the court."[12]
¶ 56. The circuit court did not say it did not actually rely on the inadmissible information appended to the PSI. Rather, the circuit court declared that it did not need to rely on the defendant's inadmissible statements because it was already aware of the information contained in those statements.
*322 ¶ 57. In any event, a circuit court's after-the-fact assertions are not dispositive. Nevertheless, after an independent review of the sentencing record, I agree with the majority opinion that the defendant has failed to prove the circuit court actually relied on an improper factor.
¶ 58. Third, the majority opinion fails to explicitly conclude that the statements by the defendant that were erroneously appended to the PSI constitute compelled self-incrimination. The defendant, the State, and the court of appeals correctly state the law: The defendant's statements were compelled self-incrimination and were inadmissible against him at sentencing in the present case.[13]
¶ 59. The majority's unwillingness to acknowledge this clear instance of compelled self-incrimination is mystifying and may have the unintended consequence of raising questions about existing law. As I recently stated in my concurrence in 118th Street Kenosha, LLC v. Wisconsin Department of Transportation, 2014 WI 125, ¶ 67, 359 Wis. 2d 30, 856 N.W.2d 486 (Abrahamson, C.J., concurring):
This court is developing the bad habit of assuming applicable legal principles without deciding the legal issues that are presented and briefed. This habit "has *323 the unfortunate effect of ducking [] vital issue [s] that should be decided," "fails to provide adequate guidance to litigants, the circuit courts, and the court of appeals," and flouts this court's "ultimate responsibility for development of the law." (Footnotes omitted.)
¶ 60. In sum, I take issue with the majority opinion's failure to clarify three points of law: (1) a Machner hearing is required for an appellate court to determine whether defense counsel's performance was deficient; (2) this court does not consider dispositive a circuit court's after-the-fact assertion of non-reliance on an improper factor at sentencing; and (3) the statements by the defendant that were erroneously appended to the PSI constitute compelled self-incrimination and were inadmissible at sentencing in the present case.
¶ 61. For the reasons set forth, I write separately.
¶ 62. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.

 See State v. Machner, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

 In Machner, 92 Wis. 2d at 804, the court of appeals stated:
We hold that it is a prerequisite to a claim of ineffective representation on appeal to preserve the testimony of trial counsel. We cannot otherwise determine whether trial counsel's actions were the result of incompetence or deliberate trial strategies. In such situations, then, it is the better rule, and in the client's best interests, to require trial counsel to explain the reasons underlying his handling of a case.

 Machner, 92 Wis. 2d at 804.

 Id

 After determining that defense counsel's trial performance was deficient, the court of appeals further concluded that the deficiency was prejudicial.

 See State v. Roberson, 2006 WI 80, ¶ 44, 292 Wis. 2d 280, 717 N.W.2d 111 ("Because we conclude that the record sufficiently establishes that Roberson was not prejudiced by his counsel's actions, we further conclude that the circuit court did not err in denying Roberson a hearing on his postconviction motion alleging ineffective assistance of trial counsel in accordance with Machner" (citation omitted).); State v. Rodriguez, 2006 WI App 163, ¶ 40, 295 Wis. 2d 801, 722 N.W.2d 136 ("A Machner hearing here, however, was not required, because we agree with the trial court, on our de novo review, that Rodriguez has not shown the requisite prejudice."). See also majority op., ¶ 38 n.22 ("A Machner hearing is not required where the record shows that the defendant cannot establish prejudice.").

 See, e.g., Bartus v. DHSS, 176 Wis. 2d 1063, 1073, 501 N.W.2d 419 (1993) ("We therefore urge the courts to exercise *320 caution when determining an issue sua sponte without the assistance of supplemental briefs and to ask for briefs unless the matter is quite clear."); Cemetery Servs., Inc. v. Wis. Dep't Reg. & Licensing, 221 Wis. 2d 817, 831, 586 N.W.2d 191 (Ct. App. 1998) ("We cannot serve as both advocate and court. For this reason, we generally choose not to decide issues that are not adequately developed by the parties in their briefs."). See also Day v. McDonough, 547 U.S. 198, 210 (2006) ("Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").

 See, e.g., Maurin v. Hall, 2004 WI 100, ¶ ¶ 119-121, 274 Wis. 2d 28, 682 N.W.2d 866 (Abrahamson, C.J. & Crooks, J., concurring), overruled on other grounds by Bartholomew v. Wis. Patients Comp. Fund, 2006 WI 91, 293 Wis. 2d 38, 717 N.W.2d 216. In Maurin, Justice Crooks and I criticized the majority opinion for deciding the case on the basis of a "novel interpretation of the statutes" without first requesting supplemental briefs or reargument. Maurin, 274 Wis. 2d 28, ¶ 120 (Abrahamson, C.J. & Crooks, J., concurring). Our concurrence stated: "We are at a loss to understand why the majority refuses to call for additional briefs." Maurin, 274 Wis. 2d 28, ¶ 121 (Abrahamson, C.J. & Crooks, J., concurring).

 See State v. Travis, 2013 WI 38, ¶ 48, 347 Wis. 2d 142, 832 N.W.2d 491.

 Travis, 347 Wis. 2d 14, ¶ 48. The Travis court summarized the court's approach to the question of whether a circuit court relied on inaccurate or improper information at sentencing as follows:
*321 The standard, as stated in Tiepelman, to determine whether the circuit court "actually relied" on the incorrect information at sentencing is based upon whether the circuit court gave "explicit attention" or "specific consideration" to it, so that the inaccurate information "formed part of the basis for the sentence." A circuit court's "explicit attention to the misinformation demonstrates [the circuit court's] reliance on that misinformation in passing sentence."
"[T]he fact that other information might have justified the sentence, independent of the inaccurate information, is irrelevant when the court has relied on inaccurate information as part of the basis of the sentence."
A reviewing court must independently review the record of the sentencing hearing to determine the existence of any actual reliance on inaccurate information. A circuit court's after-the-fact assertion of non-reliance on allegedly inaccurate information is not dispositive of the issue of actual reliance.
Travis, 347 Wis. 2d 14, ¶¶ 46-48 (footnotes omitted; alterations & emphasis in original).

 See majority op., ¶¶ 2, 31-35.

 Majority op., ¶ 34.

 See State v. Alexander, No. 2013AP843-CR, unpublished slip op., ¶¶ 9-11 (Wis. Ct. App. Jan. 28, 2014). See also State v. Spaeth, 2012 WI 95, ¶¶ 55-56, 343 Wis. 2d 220, 819 N.W.2d 769 (stating that Wisconsin courts recognize "the right of the State to compel statements from probationers and the corresponding obligation to provide immunity coextensive with the Fifth Amendment privilege"); State v. Peebles, 2010 WI App 156, ¶ 19, 330 Wis. 2d 243, 792 N.W.2d 212 ("[I]f a probationer is compelled by way of probation rules to incriminate himself or herself, the resulting statements may not be used in any criminal proceeding.").