¶ 133.
ANNETTE KINGSLAND ZIEGLER, J.
{concurring). I respectfully concur in the mandate. In my view, the lead opinion and the dissent have made this case much more complicated and potentially more far-reaching in effect than it should be. This case can and should be decided narrowly: ours is a certiorari review.
¶ 134. Our review in this case is limited. On certiorari review we examine:
(1) whether the [Trempealeau County Environment & Land Use Committee ("the Committee")] kept within its jurisdiction; (2) whether it proceeded on a correct theory of law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question.
*386 Oneida Seven Generations Corp. v. City of Green Bay, 2015 WI 50, ¶ 41, 362 Wis. 2d 290, 865 N.W.2d 162 (quoting Ottman v. Town of Primrose, 2011 WI 18, ¶ 35, 332 Wis. 2d 3, 796 N.W.2d 411).
¶ 135. Moreover, our review in this case must be deferential. The decision of the Committee "is entitled to a presumption of correctness and validity." Sills v. Walworth Cty. Land Mgmt. Comm., 2002 WI App 111, ¶ 6, 254 Wis. 2d 538, 648 N.W.2d 878.
¶ 136. I cannot conclude, given these controlling legal standards, that the Committee's decision is invalid. See Ottman, 332 Wis. 2d 3, ¶ 34 ("Certiorari is a mechanism by which a court may test the validity of a decision rendered by a municipality, an administrative agency, or an inferior tribunal."). I agree with the lead opinion that the Committee's decision survives the specific challenges made by AllEnergy Corporation and AllEnergy Silica, Arcadia, LLC ("AllEnergy") under this framework. That is, I agree that the Committee kept within its jurisdiction and that the evidence was such that it might reasonably have made the determination in question. Although AllEnergy was able to complete its application shortly before a moratorium on such projects went into effect, as the court of appeals explained and as the lead opinion reiterates, legitimate environmental and health concerns, among others, supported the Committee's decision to nevertheless deny the permit. The disposition of this case is appropriate when one recognizes that decisions of the type made by the Committee involve "local concerns" best handled at the local level. See id., ¶ 51.[1]
*387 ¶ 137. Unfortunately, the lead opinion examines a number of matters not necessary to this case and is not written narrowly enough for me to join it. For example, the lead opinion engages in a discussion of the constitutionality of certain of Trempealeau County's ordinances, in disregard of the basic judicial principle that courts do not adjudge the constitutionality of legislation unless it is necessary to do so. See, e.g., Cty. of Milwaukee v. Williams, 2007 WI 69, ¶ 63, 301 Wis. 2d 134, 732 N.W.2d 770 ("[I]t is fundamental that a court should not reach a constitutional question unless it is essential to the determination of the case before it."). It is most certainly not necessary to reach a constitutional question on this certiorari review.
¶ 138. Indeed, one would think that if the lead opinion's constitutional detour were necessary to our decision, the word "constitution" might appear somewhere in AllEnergy's briefing. It does not. That word does appear, however, in the Committee's briefing, where it explains that "of course, AllEnergy has made no argument in this case that the Zoning Ordinance is unconstitutional." And even if AllEnergy were attempting to sneak a constitutional argument in *388 through the back door, I fail to see why its gambit should be rewarded. See, e.g., Cemetery Servs., Inc. v. Wis. Dep't of Regulation & Licensing, 221 Wis. 2d 817, 831, 586 N.W.2d 191 (Ct. App. 1998) ("For us to address undeveloped constitutional claims, we would have to analyze them, develop them, and then decide them. We cannot serve as both advocate and court. For this reason, we generally choose not to decide issues that are not adequately developed by the parties in their briefs."). Little more need be said to illustrate the gratuitousness of the lead opinion's discussion in this regard.
¶ 139. I also part ways with the lead opinion's consideration of AllEnergy's request that this court "adopt a new doctrine" that a conditional use permit applicant has a "right to the permit if the applicant shows that ordinance conditions have been, or will be met and if concerns of potentially-adverse impacts can be addressed by imposing additional conditions." This issue, at least, is properly before the court. The request, however, comprising the last few pages of AllEn-ergy's brief, turns out to be moot. The Committee responded to AllEnergy's argument in part by stating that the law already required that "[i]f an applicant is able to unilaterally satisfy all requirements and considerations of the ordinance, and no substantial evidence is offered in opposition, for all practical purposes the body would be required to grant the permit," but added that AllEnergy had not established that it had met this standard. Consequently, the question boiled down to whether AllEnergy's permit application was properly denied. And, as discussed, the Committee's decision that AllEnergy's application should be denied under local law is valid. Consequently, the court need *389 not and should not weigh in on the necessity or propriety of adoption of AllEnergy's proposed rule in this case.
¶ 140. In sum, our review in this case is limited and deferential, and I agree that the decision of the court of appeals should be affirmed. Of course, the appropriate legislative body is always free to amend these ordinances. However, in the case now before us, the presumption of correctness and validity of the Committee's decision has not been overcome. That is where our analysis should end.
f 141. For the foregoing reasons, I respectfully concur in the mandate.
¶ 142. I am authorized to state that Chief Justice PATIENCE DRAKE ROGGENSACK joins in this concurrence.