COURT OF APPEALS
DECISION
DATED AND FILED

June 10, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2018AP2391-CR**

Cir. Ct. No. 2016CF956

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

MATTHEW T. BOHMANN,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Waukesha County: MICHAEL J. APRAHAMIAN, Judge. *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Davis, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Matthew T. Bohmann appeals from a judgment convicting him of two counts of first-degree sexual assault of a child and one count of repeated sexual assault of the same child. He contends that the circuit court erred by denying his request to admit evidence of his brother's sexual conduct towards the victims. He further contends that the charging periods of the offenses were unconstitutionally vague. We reject Bohmann's arguments and affirm.

¶2 In 2016, twin sisters C.B. and A.B. told their mother that Bohmann, their cousin, had sexually assaulted them multiple times in the past. The mother relayed the information to the girls' therapist, who, in turn, contacted child protective services.

¶3 In a forensic interview, C.B. described two separate assaults by Bohmann. In one, he rubbed his penis on her butt. In the other, he pulled down his pants and made her touch his penis. Meanwhile, A.B. reported that Bohmann had coerced her into performing oral sex on him two or three times. She also said that Bohmann had rubbed his penis on her butt.

¶4 The State charged Bohmann with two counts of first-degree sexual assault of a child with respect to C.B. and one count of repeated sexual assault of the same child with respect to A.B. The counts involving C.B. were alleged to have occurred between September 1, 2012, and June 1, 2014, when she was between 6 and 8 years old. The count involving A.B. was alleged to have occurred between September 1, 2013 and September 1, 2015, when she was between 7 and 9 years old.

¶5 After waiving his right to a preliminary hearing, Bohmann moved to dismiss the counts, asserting that the charging periods were unconstitutionally

vague. The circuit court denied the motion, concluding that Bohmann had waived the issue when he waived his preliminary hearing. The court further indicated that Bohmann's motion failed on the merits.[1]

¶6      Before trial, Bohmann sought to introduce evidence that his younger brother, E.B., had exposed his penis to C.B. and A.B. and also sexually assaulted them. Bohmann argued that his constitutional right to present a defense showing an alternate source of sexual knowledge outweighed the State's interest represented by the rape shield law, which would normally render such evidence inadmissible. The circuit court disagreed and excluded the evidence.

¶7      At trial, the State called the girls' therapist, Wendy Herrick, as part of its case-in-chief. During redirect examination, when discussing consistencies in the girls' accounts, the State asked Herrick how often she would talk with them about what happened. Herrick responded, "We talked quite a bit about what occurred. But there was more abuse done from the brother." The State then asked a series of specific, closed-ended questions before completing its examination. None of the questions involved E.B., and none of Herrick's answers mentioned him.

¶8      After excusing Herrick and outside the presence of the jury, the circuit court discussed Herrick's mention of "abuse done from the brother."

---

[1] Bohmann also complained that the two counts involving C.B. were multiplicitous. The circuit court did not address that issue. Bohmann re-raises the complaint in a single paragraph in his brief. We need not address undeveloped constitutional arguments. *See Cemetery Servs., Inc. v. Wisconsin Dep't of Reg. & Licensing.*, 221 Wis. 2d 817, 831, 586 N.W.2d 191 (Ct. App. 1998). In any event, the counts involving C.B. were not multiplicitous because (1) the offenses are not identical in fact (this is clear from the probable cause section in the complaint); and (2) there is no indication that the legislature did not intend to authorize cumulative punishments. *See State v. Ziegler*, 2012 WI 73, ¶¶60-62, 342 Wis. 2d 256, 816 N.W.2d 238.

Again, Bohmann expressed interest in exploring E.B.'s sexual conduct towards C.B. and A.B., reasoning that "the door ha[d] been open[ed]." Alternatively, he requested a limiting instruction. The circuit court was not persuaded that Herrick's statement had "opened the door." However, it agreed to deliver a limiting instruction.[2]

¶9 Ultimately, the jury found Bohmann guilty on all counts. The circuit court imposed an aggregate sentence of 18 months of initial confinement and five years of extended supervision. It also ordered a consecutive term of probation. This appeal follows.

¶10 On appeal, Bohmann first contends that the circuit court erred by denying his request to admit evidence of E.B.'s sexual conduct towards C.B. and A.B. He submits that he had a constitutional right to present such evidence. Alternatively, he maintains that the evidence was admissible under the curative admissibility doctrine.

¶11 Wisconsin's rape shield law generally prohibits the introduction of any evidence of the complainant's prior sexual conduct "regardless of the purpose." WIS. STAT. § 972.11(2)(c) (2017-18);[3] *State v. Ringer*, 2010 WI 69, ¶25, 326 Wis. 2d 351, 785 N.W.2d 448. At times, however, the statute must yield to the accused's right to present a defense. *See State v. Williams*, 2002 WI 58,

---

[2] The circuit court told the jury, "You heard some testimony from the witness that you just heard, Ms. Herrick, about other abuse by another person reported to this witness by [C.B. and A.B.]. You are to disregard that testimony and that statement and it should play no part in your consideration of the case."

[3] The statute enumerates three narrow exceptions; however, none of them apply to this case. All references to the Wisconsin Statutes are to the 2017-18 version.

¶69, 253 Wis. 2d 99, 644 N.W.2d 919. We review de novo whether applying the statute to a particular fact situation deprives a defendant of a constitutional right. *Id.*

¶12 To establish a constitutional right to present otherwise excluded evidence for the purpose of proving an alternative source of sexual knowledge, the defendant must make an offer of proof showing that: (1) the prior acts clearly occurred; (2) the prior acts closely resembled those in the present case; (3) the prior acts are clearly relevant to a material issue; (4) the evidence is necessary to the defendant's case; and (5) the probative value of the evidence outweighs its prejudicial effect. *See State v. Pulizzano*, 155 Wis. 2d 633, 656, 456 N.W.2d 325 (1990).

¶13 Evidence otherwise barred by the rape shield law may also be admissible under the curative admissibility doctrine. Under this doctrine, when a "party accidentally or purposefully takes advantage of a piece of evidence that is otherwise inadmissible," the circuit court may "allow the opposing party to introduce otherwise inadmissible evidence if it is required by the concept of fundamental fairness to cure some unfair prejudice." *State v. Dunlap*, 2002 WI 19, ¶32, 250 Wis. 2d 466, 640 N.W.2d 112. The admissibility of evidence under this doctrine is left to the circuit court's discretion. *See id.*

¶14 Here, we conclude that the rape shield law barred Bohmann's proffered evidence of E.B.'s sexual conduct towards C.B. and A.B. *See State v. Sharp*, 180 Wis. 2d 640, 645-46, 511 N.W.2d 316 (Ct. App. 1993) (applying the law to prior exposure of genitalia to child victim); *Pulizzano*, 155 Wis. 2d at 642-43 (applying the law to prior sexual assault of child victim). We further conclude that the law's application did not deprive Bohmann of his constitutional right to

present evidence. As noted by the State, Bohmann failed to show that E.B.'s actions towards C.B. and A.B. closely resembled those in the present case. Bohmann was not charged with exposing himself to the girls, and he provided no details about E.B.'s alleged sexual assaults.[4] Given the inadequacy of Bohmann's offer of proof, the circuit court properly denied his request.

¶15 As for Bohmann's alternative argument, we are not persuaded that the State "opened the door" to admitting evidence of E.B.'s sexual conduct. To begin, the State did not ask its witness about E.B.; rather, she referenced him on her own. Moreover, the State did not take advantage of the statement. Instead, it quickly moved the witness away from the subject by asking a series of specific, closed-ended questions. Under these circumstances, the circuit court properly denied Bohmann's request to pursue the matter and appropriately delivered a limiting instruction.

¶16 Bohmann next contends that the charging periods of the offenses were unconstitutionally vague. He complains that they deprived him of his right to prepare a defense.

¶17 As a threshold matter, Bohmann waived this issue when he waived his preliminary hearing. In felony cases in Wisconsin, "objections based on the insufficiency of the complaint shall be made *prior to* the preliminary examination or waiver thereof or be deem waived." WIS. STAT. § 971.31(5)(c) (emphasis added). Here, Bohmann's objection came afterwards.

---

[4] As the circuit court observed regarding the allegations against E.B., "I don't have any evidence. I have no affidavits. I have nothing."

¶18   Even if Bohmann had properly preserved the issue, we are not convinced that he would prevail.  In a prosecution of a child sexual assault case, "a more flexible application of notice requirements is required and permitted.  The vagaries of a child's memory more properly go to the credibility of the witness and the weight of the testimony, rather than to the legality of the prosecution in the first instance." *State v. Fawcett*, 145 Wis. 2d 244, 254, 426 N.W.2d 91 (Ct. App. 1988).  Therefore, a complaint need not set forth precise allegations regarding the date a child sexual assault was committed. *See id.* at 250.

¶19   Whether a charging period provides sufficient notice to a defendant presents a question of constitutional fact that we review de novo. *State v. Kempainen*, 2015 WI 32, ¶16, 361 Wis. 2d 450, 862 N.W.2d 587.  In addressing this question, we may consider a number of factors, including:

> (1) The age and intelligence of the victim and other witnesses;
>
> (2) The surrounding circumstances;
>
> (3) The nature of the offense, including whether it is likely to occur at a specific time or is likely to have been discovered immediately;
>
> (4) The length of the alleged period of time in relation to the number of individual criminal acts alleged;
>
> (5) The passage of time between the alleged period for the crime and the defendant's arrest;
>
> (6) The duration between the date of the indictment and the alleged offense; and
>
> (7) The ability of the victim or complaining witness to particularize the date and time of the alleged transaction or offense.

*Id.*, ¶¶24, 42.

7

¶20 Examining these factors, we conclude that Bohmann was provided with constitutionally sufficient notice. At the time of the assaults, C.B. and A.B. were between the ages of six and nine—ages which rendered it difficult to particularize dates and times. The nature and circumstances of the offenses made it unlikely that they would have been discovered immediately. There were no other witnesses, and the girls were clearly traumatized by the events, as evidenced by their therapy. When they later disclosed what had happened, the matter was promptly investigated. Bohmann was arrested and charged approximately one to two years after the last dates in the charging periods.

¶21 While the charging periods were admittedly broad, that factor alone did not warrant dismissal of the charges. *See id.*, ¶4 ("No single factor is dispositive…."); *see also* **State v. Hurley**, 2015 WI 35, ¶¶10, 53, 361 Wis. 2d 529, 861 N.W.2d 174 (holding that a complaint charging the defendant with repeated sexual assault of the same child "on and between" 2000 and 2005 was constitutionally sufficient). At any rate, the charging periods did not deprive Bohmann of his right to prepare a defense. Bohmann was able to deny the alleged offenses as well as challenge his ability to commit them due to a lack of opportunity. Indeed, that is precisely what he did at trial.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.